CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X INDEX NO.: 033994 CVN 2007

GARY S. FISH, ESQ.,

                  PLAINTIFF,

           -against-

DEPARTMENT OF VETERAN AFFAIRS,

                 DEFENDANT.
-------------------------------------------------------X

                            PLAINTIFF'S FIRST AMENDED
                            COMPLAINT AS OF RIGHT
                            (CPLR SECTION 3025)

        Plaintiff Pro Se sets forth the below as his First Amended Complaint as of right,

pursuant to CPLR Section 3025, insofar as the subject summons and complaint was filed in

Court on June 29, 2007, served on defendant on July 6, 2007, per the attached affidavit of

service, and defendant has not yet responded to said lawsuit.

AS AND FOR A FIRST CAUSE OF ACTION:
(VIOLATION OF SECTION 349 OF THE GENERAL BUSINESS LAW-UNFAIR AND
DECEPTIVE PRACTICES ACT)

1. On April 24, 2007, and at all times relevant herein, the plaintiff, a duly licensed attorney

admitted to practice law in the State of New York, and in the United States District Court,

Southern District of New York, had and has a principal place of business located at 15

Maiden Lane, Suite 1108, New York, New York 10038.

2. On April 24, 2007, and at all times relevant herein, on information and belief, the defendant

had and has a principal place of business located at 423 East 23rd Street, New York, New

York 10010.

3. From on or about 2005 through on or about December 2006, the plaintiff was the attorney

for Jeffrey Baum in an, inter alia, breach of contract case against the Department of Veteran

-1-

Affairs, Case #: 05 CV 6361 (RJH), before The Honorable Richard J. Holwell, United States District Court, Southern District of New York, 500 Pearl Street, NY, NY 10007. Documents pertaining to plaintiff pro se's representation of said party are attached hereto.

4. On or about December 2006, plaintiff pro se settled the above captioned matter, with the consent of his client, with the attorney for the Department of Veteran Affairs, Assistant United States Attorney Peter M. Skinner, Esq., 86 Chambers Street, 3rd Floor, NY, NY 10007, which settlement was in the amount of $2,500.00 (Two Thousand five Hundred Dollars and Zero Cents.)

5. Further to said settlement, and subsequent to the plaintiff providing to the Office of the United States Attorney a stipulated settlement agreement and Release, the Department of Veteran Affairs made a wire transfer to the account of Gary S. Fish in the amount of $2,500.00 (Two Thousand Five Hundred Dollars and Zero Cents), in full and final resolution of the Baum case. Said payment represented the only monies received and paid in settlement of the case.

6. On or about April 24, 2007, the defendant wrote to the plaintiff pro se, stating that the $2,500.00 payment was made in error, and instructing plaintiff pro se, that if he did not make reimbursement of said amount, then the monthly administrative cost of said collection fee would be added to plaintiff pro se's "debt". As attached hereto, in a response dated 4-24-07, plaintiff pro se objected to said letter, and disputed that any debt was in fact owed to defendant.

7. On or about May 31, 2007, the defendant once again wrote to the plaintiff pro se, now stating that the owed "debt" was in the amount of $2,509.98. Once again, plaintiff pro se objected to in writing to owing said debt, and placed defendant on actual notice that any further communications regarding same would be deemed a Section 349 Unlawful and Deceptive

-2-

Business Practice. A copy of said plaintiff pro se response is attached hereto.

8. On June 28, 2007, plaintiff pro se, for the third time, received a letter from defendant, stating

that plaintiff pro se, "owed: not only the sum of $2,500.00, but also owed to defendant the sum of

$16.94 in interest and $3.30 in administrative costs, for the total amount allegedly owed to the

defendant by plaintiff pro se in the amount of $20.24.

9. From on or about April 2007 up to and including June 2007, and at all times relevant herein,

defendant was a business organization and/or entity engaged in business, trade and/or commerce

in the furnishing of services in the State of New York.

10. Said defendant's attempted enforcement of the subject debt herein against the plaintiff pro

se was and is an unlawful deceptive act and/or practice insofar as said defendant knew

and/or should have known that said debt had no basis in fact and/or in law.

11. Defendant Department of Veteran Affairs knowingly and/or intentionally violated Section

349 of the Deceptive Acts and Practices Law, and is liable therefor.

AS AND FOR A SECOND CAUSE OF ACTION:
(VIOLATION OF SECTION 349 OF THE GENERAL BUSINESS LAW- UNFAIR AND
DECEPTIVE PRACTICES ACT)

12. Plaintiff pro se herewith repeats, restates and realleges Paragraphs 1-11 herein above.

13. At all times relevant herein, and as attached hereto, plaintiff pro se, returned to defendant

United States Treasury Check No.: 2221 79606826 in the amount of $2,500.00, made payable

to J. Baum. At all times herein, defendant had claimed in prior communications herein above

referenced, that plaintiff pro se had converted said monies to his own use and possession, which

defendant contention is patently false.

14. After plaintiff pro se had returned the above referenced check to the defendant, defendant,

per the enclosed July 19, 2007 envelope, re-submitted to plaintiff pro se the very same check it wrongfully claimed plaintiff pro se had converted to his own use and possession!

15. Defendant wrongfully and intentionally engaged in an unlawful and deceptive business practice pursuant to Section 349 of the General Business Law, in that: (a) While the Mr. Hess notation on the check states that the check belongs to Mr. Baum, the defendant mailed the subject United States Treasury Check to the plaintiff pro se, knowing that the subject law case was over, and there was therefor no reason for said check to be mailed back to plaintiff pro se; (b) the defendant intentionally mailed said check to plaintiff pro se, although the beneficiary of said check is J. Baum, to whom said check should have been mailed; © the defendant knowingly and intentionally mailed said check to plaintiff pro se on July 19, 2007, having claimed in three (3) previous communications that plaintiff pro se was not entitled to said check, causing plaintiff pro se to incur additional administrative costs, interest, and civil penalties with the defendant, which will long continue due to defendant's refusal to accept the very check they claimed they, and not, plaintiff pro se, was entitled to!

16. As a result of defendant's wilful and intentional and egregious statutory violation as so noted, plaintiff pro se has incurred and will incur reasonable attorney fees and costs.

AS AND FOR A THIRD CAUSE OF ACTION:
(INTERPLEADER)

17. Plaintiff pro se herewith repeats, restates and realleges Paragraphs 1-16 herein above.

18. In light of the foregoing, and due to defendant's present and wilful and continuous refusal to accept reimbursement of the very same check that it had previously sought from counsel, and for which defendant has falsely accused plaintiff pro se of converting to his use and

possession and/or ownership, plaintiff hereby respectfully seeks a judgment of interpleader to pay said check into Court, and to resolve the actually existing controversy with respect to same.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST AND SECOND CAUSES OF ACTION:

1. For damages in the amount of $1,000.00 (One Thousand Dollar and Zero Cents);

2. For reasonable attorney fees and costs;

3. For disbursements; and

4. For any other just and equitable relief deemed proper by the Court.

AS AND FOR THE THIRD CAUSE OF ACTION:

1. For a judgment of interpleader, to pay said subject $2,500.00 United States Treasury Check into Court, in order to resolve the presently existing controversy with respect to same;

2. For reasonable attorney fees and costs; and

3. For any other just and equitable relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
          JULY 20, 2007

Respectfully submitted,

Gary S. Fish, Esq.
Plaintiff Pro Se
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
NY, NY 10038; (212) 964-5100

-5-

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

Index #: 033994 CVN 2007

GARY FISH, ESQ.

Plaintiff(s)

Purchased: June 29, 2007

Date Filed:

- against -

DEPARTMENT OF VETERAN AFFAIRS

AFFIDAVIT OF SERVICE

Defendant(s)

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

DAVID GOLDBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 6, 2007 at 12:16 PM at

423 EAST 23RD STREET
NEW YORK, NY 10010

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on DEPARTMENT OF VETERAN AFFAIRS, the defendant/respondent therein named.

BY LEAVING A TRUE COPY WITH MS. YVONNE MORRIS GENERAL-AGENT, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | BROWN | BLACK | 50 | 5'1 | 130 |
| GLASSES | | | | | |

The Summons Served had endorsed thereon the index number and date of filing.

FILED
NEW YORK COUNTY
CIVIL COURT

Sworn to me on:  July 9, 2007

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified In New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified In New York County
Commission Expires April 18,
2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified In New York County
Commission Expires July 20, 2009

DAVID GOLDBERG
License #: 916033
Docket #: 488179

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------x

GARY S. FISH, ESQ.

Plaintiff,

-against-

DEPARTMENT OF VETERAN AFFAIRS,

Defendant.

-------------------------------------------------x

Index No.

# Summons

**Plaintiff's Address:**
15 Maiden Lane, Suite 1108
New York, New York 10038

**Basis of Venue:**
Residence of parties, Situs of
Wrongdoing

State of New York
Civil Court, New York County
111 Centre Street
New York, New York 10013
(212) 374-4646

ate 06/29/07
ransaction # 48100

Y Receipt # 916439
alendar #

33994CV2007
IS - DVA

otal Due:              45.00

otal Amount 1:         45.00 ATTORNEY C
otal Amount 2:
otal Received:         45.00
aiver Costs :
aiver Reason :

hange

heck # 1103

ashier: SW
erminal: AB31CV$LTA5212:

Docket entries
SUMMONS AND COMPLAINT           45.00
FILED

summoned to appear in the Civil Court of the City of New York,
office of the Clerk of the said Court at 111 Centre Street, New York,
New York and State of New York, within the time provided by law as
answer to the annexed complaint with the Clerk; upon your failure to
en against you for the sum of $1,000.00 with interest thereon from the
ther with the costs of this action.

k

*(signature)*

GARY S. FISH, ESQ., Plaintiff Pro Se
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
New York, NY 10038
(212) 964-5100

, if this summons is served by its delivery to you personally within the City of New York, you
, TWENTY days after such service, or
n this summons is served by delivery to any person other than you personally, or is served outside the City of New York,
or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days
after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

**GARY S. FISH**
Attorney at Law
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100
FAX (212) 349-1887

Admitted to Practice:
New York, Connecticut,
Pennsylvania and California

June 23, 2006

BY FAX (212) 805-7948
The Honorable Richard J. Holwell
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, New York 10007

Re: Baum v. Department of Veteran Affairs
No.: 05 CV 6361 (RJH); GSF Request for Adjournment of
June 29, 2006 conference, and for thirty (30) day extension
of time to complete discovery, from June 30, 2006 to July
30, 2006 (GSF letter request was hand delivered to U.S.
Marshal on June 19, 2006)

Dear Judge Holwell,

Please be advised that I am the attorney for the plaintiff in the above matter. My client was
deposed on April 24, 2006. On May 9, 2006 I served by way of first class mail postage prepaid
Plaintiff First Request for Admissions. Assistant United States Attorney Peter M. Skinner and
myself tentatively scheduled a deposition of the defendant on June 20, 2006. Since I had not
received on June 19, 2006 a response to my Request for Admissions, we agreed to adjourn the
June 20, 2006 deposition date.

On or about June 20, 2006, Mr. Skinner informed the Court that he had responded to my
Request for Admissions. Attached hereto are two (2) pages of his "responses", which consists of
essential boilerplate objections to my Requests. I advised Mr. Skinner, per the attached June 20,
2006, that I reserved the right to move to determine the sufficiency of his responses. I respectfully
request the above extension for the above reasons.

Very truly yours,

Gary S. Fish    (GSF 6551)

GSF:wp
cc: BY FAX (212) 637-2730
    Peter M. Skinner, Esq., AUSA

C.    The Government objects to the RFAs to the extent that they purport to require the disclosure of information beyond the scope required by Rule 36 of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the foregoing general reservations and objections, the Government responds to the specific RFAs as follows:

Request to Admit No. 1

Please admit that it was the policy of the Department of Veterans Affairs, New York Harbor Healthcare System effective in March 2005 that a probationary employee would receive a letter of termination at least fourteen (14) calendar days prior to the end of the probationary period.

Response to Request to Admit No. 1

The Government objects to this request as vague and ambiguous. Subject to the Government's general and specific objections, the New York Harbor Healthcare System's policy with respect to probationary employees is memorialized in a document titled "HEALTHCARE SYSTEM POLICY NO: 05-10," which was attached the Plaintiff's Complaint. The text of this document speaks for itself.

Request to Admit No. 2

Please admit that the policy of the Department of Veterans Affairs, New York Harbor Healthcare System effective in March 2005 that a probationary employee would receive a letter of termination at least fourteen (14) calendar days prior to the end of the probationary period, was memorialized in Healthcare System Policy No. 05-10.

Response to Request to Admit No. 2

The Government objects to this request as vague and ambiguous. Subject to the Government's general and specific objections, the New York Harbor Healthcare System's policy with respect to probationary employees is memorialized in a document titled "HEALTHCARE

3

SYSTEM POLICY NO: 05-10," which was attached the Plaintiff's Complaint.  The text of this

document speaks for itself.

Request to Admit No. 3

        Please admit that the attached Department of Veterans Affairs, New York Harbor
Healthcare System, Healthcare System Policy No.: 05-10 dated May 2003 with a May 2006
expiration period, is a true and correct copy of the policy in effect as of March 2005 pertaining to
the then termination of probationary employees.

Response to Request to Admit No. 3

        The Government objects to this request as vague and ambiguous.  Subject to the

Government's general and specific objections, denies.  The document attached to Plaintiff's

requests for admission contains underscores that are not part of the original document.

Request to Admit No. 4

        Please admit that Jeffrey Baum was a probationary employee of the Department
of Veterans Affairs during March 2005.

Response to Request to Admit No. 4

        Subject to the Government's general objections, Jeffrey Baum was a probationary

employee of the Department of Veterans Affairs until he was terminated effective March 18,

2005.

Request to Admit No. 5

        Please admit that Jeffrey Baum would have completed his one (1) year
probationary period on March 21, 2005.

Response to Request to Admit No. 5

        The Government objects to this request as vague and ambiguous.  Subject to the

Government's general and specific objections, Jeffrey Baum's one-year probationary period ran

from March 21, 2004 through March 21, 2005.

<center>4</center>



GARY S. FISH
Attorney at Law
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100
FAX (212) 349-1887

Admitted to Practice:
New York, Connecticut,
Pennsylvania and California

June 20, 2006

BY FAX (212) 637-2730

Peter M. Skinner, Esq., Assistant United States Attorney
Office of United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

Re: Baum v. Department of Veteran Affairs
Case #: 05 CV 6361 (RJH)

Defendant June 20, 2006 Objections to Plaintiff Request for Admissions Deemed Insufficient under FRCP Rule 36

Dear Mr. Skinner,

I have today received defendant's above noted objections, which are deemed insufficient. I reserve the right to move to determine the sufficiency of these objections before the Court.

All rights hereunder are reserved.

Very truly yours,

Gary S. Fish

GSF:wp

### NOTICE OF RIGHTS AND OBLIGATIONS

**DEBTS OWED THE UNITED STATES GOVERNMENT:** The law requires the Department of Veterans Affairs (VA) to collect debt owed the government. When the individual or corporation is entitled to payments, the VA is required to collect debt by withholding future payments until the debt is paid, except as explained below. Any current or future VA payments or other payments made under any law administered by the VA may be withheld.

**NOTE:** Whenever this letter states that you have a period of time to take some action or to notify us, the period of time begins to run from the date appearing on the front of this letter.

**RIGHT TO DISPUTE THE EXISTENCE OR AMOUNT OF THE DEBT:** If you tell us in writing within 30 days that you believe that you do not owe this debt or that the amount of the debt is incorrect, we will not withhold any current or future federal salary, lump sum or retirement payments until we confirm that you are indebted and the amount is correct or we determine that the delay required to resolve the dispute will jeopardize our ability to collect the full amount of the debt. You should explain to the extent you can why you believe you do not owe the debt or why the amount is incorrect.

**ADMINISTRATIVE COST OF COLLECTION FEES:** The monthly administrative cost of collection fee will not be added to your debt if, within 30 days, full payment of the debt is received or an acceptable repayment plan is worked out. If an installment repayment plan is worked out and any installment is not received by the due date, the monthly administrative cost of collection fee will thereafter be charged for the life of the debt. Other costs of collection may also be added to the debt if additional actions become necessary.

**PENALTY CHARGES:** The monthly penalty charge will not be added to your debt if, within 90 days, full payment of the debt is received or an acceptable repayment plan is worked out. If an acceptable repayment plan is agreed upon and you default on that agreement, 90 days after default we will begin assessing a penalty charge.

*[Handwritten notes: 4-24-07 You better believe I dispute this debt!!! This $2,500.00 was wire transfered to my attorney IOLA acct by Assistant U.S. Attorney Peter Skinner, representing settlement in full of the case Jeffrey Baum v. Dept of Veteran Affairs then pending before Federal Judge William Pauley III, USDC, SDNY. I owe you nothing. -Gary A. Fish]*

*[Handwritten: 86 Charles St 3C NY, NY 10014]*

Detailed Description:

| DATE | DESCRIPTION | QUANTITY | COST | PER | AMOUNT |
|------|-------------|----------|------|-----|--------|
| 04/19/2007 | | 1 | 2500.0000 | EA | 2500.00 |

An erroneous payment was made to your company on February 14, 2007 for Judgement Claim #6892 (Jeffrey Baum) in the amount of $2,500.00; check #79606826 dtd 2/14/07.

TRANS CODE/NUM: PV 630C7807702 TRAVEL ADV NUM:
   LINE: 001  CHECK/TRACE NUM: 79606826
CONFIRM DATE: 02 14 07 D.O: 220
   PAYMENT AMT:       2,500.00    CAN IND: N

Department of Veterans Affairs
DEPT OF VETERANS AFFAIRS
AGENT CASHIER (04N)
423 E 23RD STREET
NEW YORK, NY 10010

In Reply Refer To:
File No./SSAN: 630-K704Z0L

GARY S FISH Esq
15 MAIDEN LANE
SUITE 1108
NEW YORK, NY 10038

**************L

WE HAVE WRITTEN TO YOU previously about your indebtedness. The amount due is now $2500.00. It is now urgent that you contact this office within five days from the date of this letter regarding settlement of this debt.

Finance Officer.

Detailed Description:

| DATE | DESCRIPTION | QUANTITY | COST | PER | AMOUNT |
|------|-------------|----------|------|-----|--------|
| 04/15/2007 | | 1 | 2500.0000 | EA | 2500.00 |

An erroneous payment was made to your company on February 14, 2007 for Judgement Claim #6892 (Jeffrey Baum) in the amount of $2,500.00; check #79606826 dtd 2/14/07.

TRANS CODE/NUM: PV 630C7807702 TRAVEL ADV NUM:
  LINE: 001  CHECK/TRACE NUM: 79606826
CONFIRM DATE: 02 14 07 D.O: 220
  PAYMENT AMT:        2,500.00   CAN IND: N

VENDOR CODE: MISCN        TRANS CODE: PV
VOUCHER NO: 630C7807702
  NAMR: J. BAUM
TRAVEL ADV NO:
  ADDR1: C/O GARY S. FISH
NO CHK DISB: N
  ADDR2: 15 MAIDEN LANE, SUITE 1108
D.O.: 220
  ADDR3:

*Handwritten notes:*

5-31-07

Stop bothering me with this nonsense!! I wrote to you previously that the $2,500.00 represents Baum J. Dept of Vet. Affairs settlement

The Judge was William Pauley III. Assistant US Atty. was Peter Skinner Esq, 86 Chamber St., 3rd fl, NY NY 1000

USDC SDNY Fed Cont

You are violating Sec. 349 of NY Gen. Bus Law + are engaging in unfair + deceptive practice. If I hear from you again, I will sue you.

Department of Veterans Affairs

DEPT OF VETERANS AFFAIRS'
AGENT CASHIER (04H)
423 E 23RD STREET
NEW YORK, NY 10010

In Reply Refer To:
File No./SSAN: 630-K70420L

GARY B FISH Esq                                                    ***********L
11 MAIDEN LANE
SUITE 1108
NEW YORK, NY 10038

JUN 20, 2007

We have written to you on several occasions about your debt of $2820.24. This
amount consists of interest principal, $16.96 interest and $3.10 administrative
cost of collection there it is now urgent that you contact this office
immediately regarding settlement of the debt. You may contact us at (718)
836-6600 X3042 between 8AM-4:30PM.

We have authority to accept a lesser amount in full settlement of your debt.
Careful consideration will be given to an offer of any reasonable amount in
relation to your financial status. A compromise offer will not be considered
unless accompanied by a properly completed VA Form 4-5655, Financial Status
Report. VA Form 4-5655 is enclosed for this purpose along with a
self-addressed envelope.

INVOLUNTARY COLLECTION: The Department of Veterans Affairs (VA) is required
under 31 U.S.C., chapter 37, subchapter II, to collect debts owed to the
government. Since your debt is over 60 days old, unless action is taken to
satisfy this debt within 30 days your debt may be referred for involuntary
collection action. This means any current or future federal salary, lump sum
or retirement payments, insurance dividends, or other payments that are made to
you under any law administered by VA may be withheld to pay your delinquent
debt. Your debt may be referred to the Department of Treasury for collection
and/or administrative offset. Please read the attachment for specific details
regarding this process as well as the rights you have under this process. Any
of these actions may result in processing fees being charged to you. Payment
checks that are canceled because they have not been cashed within one year may
be applied to offset the indebtedness and not be reissued. Other involuntary
collection actions may include the reporting of your delinquent account to
credit reporting agencies 60 days from the date of this letter.

Your debt may be referred to the United States Attorney for appropriate legal
action within 30 days from the date of this letter. Unless, you take action to
pay your debt in full, make satisfactory arrangements to pay by installments or
submit a reasonable compromise offer, prior to the expiration of the 30 days.
This referral will result in a one-time administrative charge to you of $288.46
Court action may result in the addition of U.S. Marshal fees and court costs



**Department of Veterans Affairs**

MEDICAL CENTER
423 East 23rd St.
New York, New York 10010

OFFICIAL BUSINESS
Penalty for Private Use, $300

UNITED STATES POSTAGE
$ 00.41⁰
22 1A
0004611527
MAILED FROM ZIP CODE 10010
JUL 19 2007
PITNEY BOWES

Mr. L. Baum
c/o Gary S. Fish
15 Maiden Lane Suite 1108
New York, NY 10038-4003

**Department of the Treasury**
Financial Management Service
Philadelphia Financial Center
PO Box 51321
Philadelphia, PA 19115-6321

IDENTIFICATION NUMBER 07TM07021240100000076
000077
07TM07021240100000007600000000

M070212401

AMOUNT OF PAYMENT          $2,500.00

J. BAUM
C/O GARY S. FISH
15 MAIDEN LANE, SUITE 1108
NEW YORK NY 100384003

PAYMENT IDENTIFICATION DATA


INV REIMBURSEMENT          2,500.00

**United States Treasury**

02 14 07  23    AUSTIN, TEXAS
2221 79606826 36007200 M2  38

Pay to
the order of
J. BAUM
C/O GARY S. FISH SUITE 1108
15 MAIDEN LANE, SUITE 1108
NEW YORK, NY 100384003

$***2500*00

VOID AFTER ONE YEAR

PER ENCLOSED MAILING NOTICE

Mr. Fish this check
belongs to Mr. Baum
—212. 807. 7229 (Regional office)
—718. 836. 6600 ext 1377
Mr. Hess

CS
010



## AFFIRMATION OF SERVICE

I, Gary S. Fish, Esq., an attorney duly licensed to practice law before the Courts of the State of New York, hereby affirm under penalties of perjury as follows:

1. I am the plaintiff pro se in the subject case.

2. That on July 20, 2007, I served by way of first class mail postage prepaid in a U.S. Postal depository, addressed to the last known address of the defendant pro se, Plaintiff First Amended Complaint as of right (pursuant to Section 3025 of the CPLR), and all attachments and exhibits pertaining thereto, to the defendant pro se, who was served on July 6, 2007 with the attached summons and complaint, as follows:

Department of Veteran Affairs, Defendant Pro Se, 423 East 23rd Street, New York, New York 10010

Gary S. Fish, Esq.